FILED
MAR 1 5 2021
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

John W. Stone
Shirley D. Stone
8618 W. Fairmount Avenue
Phoenix, AZ 85037
480-651-2423
Debtors/Pro Per

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re: | CHAPTER 13 PROCEEDING |
|---|---|
| JOHN W. STONE | CASE NO. 2:21-01383 DPC |
| DEBTOR | DEBTORS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION FOR LANDLORD/DISPUTED CREDITOR'S AUTOMATIC STAY VIOLATIONS AND MOTION FOR SANCTIONS AND DAMAGES |

John W. Stone and Shirley D. Stone ("Debtors") filed a petition under Chapter 13 of the Bankruptcy Code on February 26, 2021.

This Court has jurisdiction over this proceeding pursuant to *28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 362 and 506.* This is a core proceeding.

*In Dominic's Restaurant of Dayton, Inc. v. Mantia, the Court set-forth that the Automatic Stay does not bar injunctive relief. The court then reasoned that Section 362 is designed to prevent interference with the bankruptcy court's disposition of property of the estate. Dominic's Restaurant of Dayton, Inc. v. Mantia, Case No. 10-3376/3377, Sixth Circuit Court of Appeals, July 5, 2012*

1

On March 11, 2021, as stated above, Debtors filed with this Court their schedules listing their landlord as a disputed Creditor.

On March 12, 2021, the landlord served the Debtors a Summons to appear March 19, 2021, at an eviction hearing before the Avondale Justice Court. **Exhibit 1 and 2, Summons herein**.

The Debtor's landlord is listed as a disputed creditor of the estate and on the master mailing list. The Debtors also listed a $50,000.00 claim against the landlord which is the estate's largest asset.

Automatic stay prevents landlord from initiating or pursuing claims against debtor, including State eviction proceedings. Bankr.Code, 11 U.S.C.A. § 362, Robinson v Chicago Housing Authority. 54 F.3d 316, rehearing denied.

Even month to month tenancy at will is property of estate which debtor's landlord cannot terminate until landlord obtains relief from automatic stay. Bankr.Code 11 U.S.C.A. §§ 362(a)(3), 541(a)(1), In re Coates, 108 B.R. 823.

The website of Debtors trustee, Chapter 13 Trustee Russell Brown states:

"The filing of a chapter 13 case automatically stays (stops) all lawsuits, attachments, garnishments, and other actions by creditors against either you or your property. A few days after the case is filed, a notice is mailed by the Court to all your creditors advising them of the automatic stay."

The last pending bankruptcy case for John, the 64-year-old-Debtor 1, was February 2019 and Debtor 2, Shirley, 71-years-old, has not filed bankruptcy in over 10 years.

2

> *If you had a previous case pending within the preceding year that was dismissed, you are advised that pursuant to 11 U.S.C. § 362(c)(3), the automatic stay provided by § 362(a) will terminate in 30 days of the filing of your petition.*

Thus, the Debtors automatic stay minus any lift stay motions extends beyond the 30-day period set-forth above.

The landlord has clearly disregarded bankruptcy laws, rules and procedures, and as a matter of law must be stopped.

The Debtors automatic stay protection has clearly been violated by the landlord and the landlord is going as far as soliciting the aid and facilitation of the Justice Court to further and compound the stay violations.

If this emergency motion is not granted the debtors and estate would suffer irreparable harm.

The landlord's blatant disregard of the automatic stay is indicative of the landlord's disregard of property laws pertaining to the security and safety of its tenants and their community.

This landlord has demonstrated a pattern for this conduct, set-forth in the landlord's own records or lack there-of regarding the many major safety and security threats on the property.

3

Debtors have included with this pleading a few of those dangerous conditions, which evinces the undisputed facts as outlined below herein.

Considering the senior debtor's position, and the fact that they cannot count on a good reference from the landlord, they are stuck in the house until a ruling on this matter.

Landlords own-records will show such things like, receiving an insurance check for the fallen fence, caused by the August 2018 monsoon storm. The huge opening led directly to the diving pool. **Exhibits 3 and 4 are photos of the fence, pool, and the power box, an electrical mess, the main cause of the un-usable swimming pool).**

On March 4, 2021, after 2-and-a-half-years of neglect, subjecting the debtors and their neighbors to dangers of an un-usable swimming pool, the landlord replaced the fallen fence. Although informed pool was not usable before the fallen fence and while drying out, Debtors were commanded by landlord to refill pool. As such, the pool was not completely emptied and was exposed by the fallen fence. The rest of the fence still deteriorating, exposes easy unsolicited access onto property. Yet the landlord replaced only the fallen fence leaving the fallen debris behind.

4

The debtors allege and the evidence shows that the landlord overcharged the debtors by failing to provide and perform, as agreed.

Debtors allege that the landlord's acts are retaliatory.

Your Honor, if this Motion and Notice is insufficient in any way, please allow the pro per debtors to make it sufficient.

Debtors are asking the Court to order the landlord to at once, without inconveniencing the debtors, repair all dangerous and harmful conditions, refrain from retaliations, contact the proper authorities and pay the most assuredly, fines, penalties, and whatever else is due.

Cause being shown to exist, and the publics' right to know, Debtors furthermore are asking the Court to order the landlord to turn-over a list of the 100-plus tenants to this Court and or the Housing Authorities, for investigation.

God forbid a drowning, an injury, or whatever else could befall the innocent.

Debtors furthermore ask this Court, in the interest of justice, to notify the Avondale Justice Court to stop the landlord's action set-forth herein.

Debtors furthermore are asking for damages for the intentional affliction of emotional distress and for the cost

5

and time debtors spent in bringing this motion and whatever other damages this Court can bring.

For the foregoing reasons, the debtors are asking this court to use its inherent power to grant the relief sought by debtors.

Respectively submitted this 15th day of March 2021.

By: _____
John W. Stone

Copy of the foregoing hand delivered this 15th, day of March 2021 to:

Avondale Justice Court
10420 West Van Buren Street
Avondale, AZ 85323
Case No. cc2021041989EA
(602) 372-8000

Copy of the foregoing mailed this 15, day of March 2021 to:
Law Offices of Scott M. Clark
4222 E. Thomas Rd. Suite 230
Phoenix, AZ 85018
Attorney for
Landlord/disputed Creditor Jodi Nolan

Russell Brown
Chapter-13 Trustee
3838 N. Central Avenue #800
Phoenix, AZ 85012

6

Law Offices of Scott M. Clark, P.C.
Scott M. Clark - Esq./Bar No. 6759
[illegible] - Esq./Bar No. [illegible]
[illegible] Walker - Esq./Bar No. 26977[?]
[illegible] Clark - Esq./Bar No. 30457[?]
[illegible] Meyer - Esq./Bar No. 024726
William J. Webb - Esq./Bar No. 030455[?]
[illegible] Rogers - Esq./Bar No. 039464
[illegible] E. Thomas Rd, Suite 200
Phoenix, AZ 85018
Phone: (602) 957-7877 Fax: (602) 957-7876
office@scottclarklaw.com
Attorneys for Plaintiff

**IN THE JUSTICE COURTS OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTRY MEADOWS PRECINCT**
10420 West Van Buren Street, Avondale, Arizona 85323 - (602) 372-8000

REOMJB LLC
10625 Palm Drive
Desert Hot Springs, CA 92240
Phone: (480) 966-2515 Fax: (480) 966-2487

Plaintiff

Case No. CC202104192 9EA

SUMMONS
(EVICTION ACTIONS)

v.

John Stone, Shirley Durden-Stone
And All Other Occupants
6618 W. Fairmount Avenue U28
Phoenix, AZ 85037

Defendant(s)

**YOU ARE HEREBY NOTIFIED THAT YOUR LANDLORD IS SUING FOR EVICTION. READ THIS LEGAL PLEADING CAREFULLY.**

THE STATE OF ARIZONA TO THE DEFENDANT(S) NAMED ABOVE.

1. YOU ARE COMMANDED AND SUMMONED TO APPEAR and answer the attached complaint in the above-captioned action in the court named above. It is recommended that you appear no later than fifteen (15) minutes before the time and date scheduled below:
   a. TRIAL DATE:    03/19/2021
   b. TRIAL TIME:    9:30:00AM
   c. COURTROOM:     TELEPHONIC

2. **NOTICE IS HEREBY PROVIDED** that you may appear telephonically for the eviction hearing set for the date and time above. You must contact the Court at the telephone number provided above to make necessary arrangements for your telephonic appearance.

3. You must appear at the date and time shown above if you wish to contest the allegations in the attached complaint. For additional information, please review the Residential Eviction Information Sheet, a copy of which is being served with the Summons and the Complaint.

4. IF YOU FAIL TO APPEAR, a judgment will most likely be entered against you, granting the relief specifically requested in the complaint, including removing you from the rental premises.

5. If you do not agree with the allegations in the complaint, you should file a written answer admitting or denying some or all of the allegations and pay the required answer fee. In cases of hardship, you may apply for a deferral or waiver of the filing fee, but be aware that the court does not automatically grant deferral/waiver applications.

6. A trial may be held on the date set forth above or, upon a showing of good cause, it may be continued for up to but no longer than three days.

7. Request for reasonable accommodation for persons with disabilities must be made to the Court at least three (3) Court days in advance of a scheduled Court hearing.
   [EN] If you require the assistance of an interpreter, you must contact the court before the hearing.

8. [ES] Si usted requiere la ayuda de un intérprete, usted debe entrar en contacto con la corte antes del juicio.
   [FR] Si vous avez besoin de l'aide d'un interprète, vous devez entrer en contact avec la cour avant l'audience.

9. The attorney for the Plaintiff must be provided a copy of your Answer and other pleadings you file in this lawsuit. The address for Plaintiff's attorney is set forth in the top left corner of the attached complaint.

GIVEN UNDER MY hand and the Seal of this Court

_[signature]_                                  3-12-2021
Justice of the Peace                           Date

By _____  AA
    Clerk

Date _____ Time _____ Served By _____ Served To _____
Reference: 305791-51 - 4454

Exhibit 1

Law Offices of Scott M. Clark, P.C.
Scott M. Clark, Esq. (Bar No. 9759)
Jody Hubbly-Pobori, Esq. (Bar No. 57990)
Christopher Walker, Esq. (Bar No. 28077)
Loren L. Clark, Esq. (Bar No. 33457)
Scott Meyer, Esq. (Bar No. 034724)
William D. Welch, Esq. (Bar No. 036485)
Chris Rogers, Esq. (Bar No. 036464)
4222 E. Thomas Rd., Suite 230
Phoenix, AZ 85018
Phone: (602) 957-7877/Fax: (602) 957-7878
office@scottclarklaw.com
Attorneys for Plaintiff

**IN THE JUSTICE COURTS OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTRY MEADOWS PRECINCT**
10420 West Van Buren Street, Avondale, Arizona 85323 - (602) 372-8000

REOMJB LLC
10625 Palm Drive
Desert Hot Springs, CA 92240
Phone: (480) 986-2516 Fax: (480) 986-2487

Plaintiff

V.

John Stone, Shirley Durden-Stone
And All Other Occupants
8618 W. Fairmount Avenue U28
Phoenix, AZ 85037

Defendant(s)

Case No. CC2021041989EA

**COMPLAINT**
**(EVICTION ACTIONS)**

Trial Date/Time: 3/19/2021 9:30:00AM

**YOU ARE HEREBY NOTIFIED THAT YOUR LANDLORD IS SUING TO HAVE YOU EVICTED. READ THIS LEGAL PLEADING CAREFULLY.**
COMES NOW PLAINTIFF, by and through undersigned counsel, and for its Complaint against Defendant(s), alleges as follows:
1. This is an action concerning AZAB LLC
2. This Court has jurisdiction to hear this matter and is the appropriate venue for the hearing of this matter.
3. A lease contract exists between the parties for the premises of 8618 W. Fairmount Avenue U28, Phoenix, AZ 85037
    a. Pursuant to the contract, monthly rent of $897.68 is due and payable no later than the first day of the calendar month.
4. On 01/30/2021, 03/11/2021, Plaintiff made written demand upon Defendant(s) for return of possession of the above-described premises("notice") that was served in the following manner: Personally Served, Personally Served. A copy of this written demand is attached to this Complaint and is hereby incorporated.
5. Plaintiff is authorized and entitled to file this action, and has done so, for the following rationale:
    a. *Other good cause: 30 - Day Non-Renewal.*
6. As of the date of signing this Complaint, Defendant(s) owe the following sums to Plaintiff: Rent (including past-due balances and/or Credits) of $10,000.00; Late Fees of $0.00; Rental Concessions of $0.00; Utilities of $0.00; Transaction Fees (Notice, NSF, etc.) of $0.00; Other Damages of $0.00; Taxable Costs (filing fee plus estimated service costs) of $106.00; and Attorneys' Fees of $125.00. The total amount sought as of the date is $10,231.00.
7. The Defendant does not reside in a dwelling unit that is covered under the CARES Act.

WHEREFORE, Plaintiff demands [1] judgment for possession of the above-described premises; [2] a monetary award for the amounts described above plus continuing late fees,continuing costs, continuing attorneys' fees, and continuing damages as of 4/1/2021 (as applicable); [3] a Writ of Restitution 5 days (s) from the date of the judgment; and [4] such other and further relief as this Court deems just and appropriate.

Pursuant to Rule 5(b)(8), R.P.E.A., I verify that this complaint is true on the basis of a reasonably diligent inquiry.

_Scott M. Clark_  03/11/2021
Attorney for Plaintiff       Date

*Exhibit 2*





Exhibit 3





Exhibit 4